IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| ALEC RYAN STEFFES,<br><br>    *Plaintiff,*<br><br>v.<br><br>STATE OF IOWA (FIFTH JUDICIAL DISTRICT DEPARTMENT OF CORRECTIONS WARRANT TEAM), OFFICER KURT KNESS (Individually and in his Official Capacity), OFFICER NICHOLAS CORBIN, (Individually and in his Official Capacity).<br><br>    *Defendants.* | Case No: 4:21-cv-37<br><br><br><br>COMPLAINT AND JURY DEMAND |

COMES NOW, Plaintiff, by and through undersigned counsel, Nathan A. Mundy, hereby petition the Court for relief, and in support thereof hereby state the following:

**STATEMENT OF THE CASE**

This is a civil rights action in which the Plaintiff, Alec Ryan Steffes (hereinafter "Steffes"), seeks relief for the Defendants' violations of his rights guaranteed by the United States Constitution, specifically the Fourth Amendment, which right is further secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and § 1988. Steffes seeks damages, both compensatory and punitive damages; affirmative relief; an award of attorney's fees, costs, and interest; and other and further relief as this Court deems just and equitable. This is further an action at law to redress a deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privileges, and immunities

secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

One of the cornerstones of our constitutional democracy is the right of citizens to be free from the unreasonable and unwarranted violation of our constitutional rights whether in the course of making a lawful arrest or those officers who take exception when a citizen asserts their constitutional rights.

In addition, Plaintiff Steffes has the right to expect that law enforcement officers not intentionally and so egregiously violate his constitutional rights by arresting his without probable cause, to use appropriate force when conducting an arrest, and not drag his down a dark, cement, staircase while in handcuffs.

## PARTIES

1. At all times relevant to this petition and the foregoing case, Plaintiff Alec Ryan Steffes has been a resident of Polk County, Iowa.

2. Defendant Officer Kurt Kness (hereinafter "Defendant Kness") was at all times relevant to this Complaint a law enforcement officer employed by the Fifth Judicial District Department of Corrections Warrant Team. Defendant Kness is sued in his individual and official capacity and at all times relevant to this Verified Complaint was acting within the scope and course of his job duties pursuant to his employment with the Fifth Judicial District Department of Corrections Warrant Team. At all times relevant to this Complaint Defendant Kness was acting under the color of laws of the State of Iowa.

3. Defendant Officer Nicholas Corbin (hereinafter "Defendant Corbin") was at all times relevant to this Complaint a law enforcement officer employed by the Fifth Judicial District Department of Corrections Warrant Team. Defendant Corbin is sued in his individual and official capacity and at all times relevant to this Verified Complaint was acting within the scope and course of his job duties pursuant to his employment with the Fifth Judicial District Department of Corrections Warrant Team. At all times relevant to this Complaint Defendant Corbin was acting under the color of laws of the State of Iowa.

## JURISDICTION and VENUE

4. This Court has jurisdiction over the Subject Matter of this complaint pursuant to the fourth and fourteenth amendments to the United States Constitution and under 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights) and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare rights of the parties and grant all further relief found necessary and proper.

5. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391 and 1402(b) as the events described in this Verified Petition occurred in this District.

6. The Plaintiff is also seeking relief under the Iowa Constitution and has filed a complaint with the State Appeal Board pursuant to the Iowa Tort Claims Act and the Iowa Supreme Court's ruling in *Wagner v. State of Iowa*, ____ N.W.2d ____ (Iowa 2020)(Docket No. 19-1278) Nothing in the *Wagner* ruling prevents the

Plaintiff from seeking redress for *Federal* Constitution grievances in Federal Court and redress for *State* Constitutional grievances in State Court, under the ITCA.

## FACTS

7. On February 8th, 2019 Steffes was at his residence of 412 NW Aurora in Des Moines, IA.

8. On that date and time, Steffes was on probation in Polk County District Court case number AGCR319488. The underlying charge that led to the probation was Theft in the Third Degree, a non-violent offense.

9. On that date and time, there a warrant was active for Steffes' arrest relating to allegations by his Probation Officer, Lisa Roetman, that Steffes was not in compliance with the requirements of probation.

10. The warrant issued on January 24th, 2019.

11. On February 8th, 2019, at approximately 1500 hrs, or 3:00 pm non-military time, Defendants Kness and Corbin appeared at Steffes' residence as part of their duties as "Warrant Team" Officers within the Fifth Judicial District Department of Corrections.

12. It is Defendants Kness' and Corbin's job description, training, and experience, to apprehend persons on probation with warrants issued for their arrest.

13. Defendants Kness and Corbin knocked on the resident and were let into the residence, without resistance or hesitation on behalf of Steffes' girlfriend. Had the Defendants encountered any resistances, hesitation, or interference from the

person whom answered the door, they would have taken that as an indication that this arrest may go poorly.

14. Defendants Kness and Corbin were informed of Steffes' accurate location. Steffes made no attempt to conceal himself or prevent the officers from effectuating their arrest.

15. Steffes was in the bedroom of the home. Defendants' Kness and Corbin walked back to the bedroom and informed Steffes they had a warrant for his arrest and he needed to come out.

16. Steffes complied with Defendant Corbin's command to stand up, face away from them, and put his hands behind his back. Steffes complied.

17. Defendant Kness took control of Steffes' hands to place him into handcuffs.

18. At this point, Defendant Corbin claims that Steffes "tensed up and attempted to pull away from [Defendant Kness]". It is not clear what action Defendant Corbin observed on behalf of Steffes to believe any muscles or body movements were tensed.

19. In response to the erroneously perceived "tensing" Officer Corbin grabbed a hold of Steffes by the upper right arm and attempted to pin Steffes against a door. This maneuver proved to be unsound as the door wasn't secured and "opened".

20. For some unexplained reason, because a door moved, Defendant Kness requested Defendant Corbin to draw his taser. Up to this point, its only clear that Steffes "tensed" but it is not clear the Defendants' continuing difficulties in arrested Steffes.

21. Defendant Corbin did not deploy his taser on Steffes. Defendant Corbin reports that he didn't deploy his taser because "[Defendant] Kness still having control of Steffes."

22. Defendant Kness then placed Steffes in a "bodylock" and carried Steffes to the living room.

23. A "bodylock" from the rear has some key points:

    a. Positioning to a 45-degree angle at the person's back;

    b. One arm in front of his hips;

    c. The other arm around the waist, with the hands connected in an "S-grip, Gable grip, or even gripping the elbows."

    d. Positioning the shoulder in the small of the back.

24. It is unclear if these are the precise positioning of Defendant' Kness to Steffes. But the key point is, Steffes was compliant during the entire encounter, but was being physically restrained by Defendants Kness and Corbin.

25. Once in the living room, unreasonably, unprovoked, and unnecessarily Defendant Kness performed a "leg sweep" and took Steffes to the ground.

26. As a result of the excessive "leg sweep" Steffes fell to the floor of the home, hitting his shoulder first, likely with some of Defendant Kness' body weight adding to the force of impact with Steffes' shoulder to the floor.

27. The impact of Steffes' shoulder hitting the floor after being unnecessarily, excessively, and brutally wrestled, Steffes suffered a broken collar bone.

28. The leg sweep by Defendant Kness, with the encouragement and assistance of Defendant Corbin, was excessive and unreasonable.

29. Once on the ground, Steffes rolled in pain due to the broken collar bone.

30. Because he was rolling in pain, Officer Corbin placed his knee between Steffes' should blades and handcuffed him.

31. After they had him in custody, Defendants ignored Steffes' complaints of collar bone pain.

32. The Defendants did not offer him medical attention.

33. The Defendants did not seek medical attention until the medical staff at Polk Jail refused to accept him as an inmate until he was treated for the broken collar bone.

34. Defendants transported Steffes to the Broadlawns Medical Center where he was diagnosed with a broken right collar bone.

35. Broadlawns Medical Center gave him a sling and a pain medication prescription.

36. Steffes stipulated to the probation violation and agreed to have his probation revoked, and the original two-year prison term imposed on February 11th, 2019.

37. Eventually, Steffes was taken to the Iowa Department of Corrections' Medical and Classification Center at their Oakdale Facility.

38. Steffes' broken collar bone required surgery on May 21st, 2019. The procedure performed was an "Open Clavicle Reduction" where they did a bone graft by taking bone from his pelvis.

## CAUSES OF ACTION

## COUNT I – EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT COGNIZABLE UNDER 42 U.S.C. § 1983

39. Plaintiff incorporates by reference the above allegations.

40. The proper focus in determining the reasonableness of force used is on the events immediately confronting an officer when he decides to use force. Force is only permitted when a suspect is fleeing, violent, or dangerous and/or resisting arrest. When force is justified, only that amount of force which is necessary to accomplish a legitimate police objective is permitted. No force is reasonable when a suspect is not resisting, is non-violent, and poses no threat. Furthermore, force is not permitted at all when there is no need to use force.

41. Defendants Kness and Corbin used excessive force on Steffes when they unnecessarily did a "leg sweep" taking him to the ground while his hands were behind his back due to being restrained by Defendant Kness.

42. These actions caused Steffes to be injured.

43. There were no exigent circumstances or any other need for Defendants Kness and Corbin to violently perform a non-authorized or trained wrestling maneuver on Steffes, causing injury.

44. The Fifth Judicial District's Department of Corrections Warrant Team only authorizes use of "less than lethal force techniques…as follows:

    a. To protect themselves of another from physical harm;

    b. To restrain or subdue a resistant individual; or

    c. To bring an unlawful situation safely and effectively under control."

45. The only one of these permissible situations that could apply to Steffes' would be to "restrain" him. This situation doesn't apply because at the time, Defendant Kness already had Steffes in a "bodylock" and was physically carried to a different room. Defendant Corbin even stats that Defendant Kness had "control of Steffes…"

46. The violation of Steffes rights are actionable under 42 U.S.C. § 1983, and Steffes is entitled to judgment against Defendants in an amount to be proved at trial, plus costs and attorney fees pursuant to 42 U.S.C. § 1988.

47. Steffes is entitled to punitive damages against Defendants Kness and Corbin, as allowed by law, since Defendant's actions were intentional, wanton, malicious, and oppressive.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

A. For the Court to declare that Defendants' conduct in the application of excessive force in the arrest of Steffes to be in violation of her Fourth Amendment Rights under the US Constitution.

B. For general compensatory damages;

C. For exemplary and punitive damages to the extent permitted by law;

D. For the Court to order pre and post-judgment interest to the extent permitted by law;

E. For the Court to order attorney's fees and expenses pursuant to 42 U.S.C. § 1988;

F. For the Court to order taxable costs;

G. For the Court to order any such further relief as the Court deems just and appropriate.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

MUNDY LAW OFFICE, PC

*s/ Nathan A. Mundy*

_____
NATHAN A. MUNDY (AT0009065)
317 6th Ave., Suite 1300
Des Moines IA 50309-1770
Telephone:  515-288-1552
E-mail:  nathan@mundylawdsm.com
ATTORNEY FOR PLAINTIFF